VINETTE *vs.* BRULARD.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where a sale of a tract of land was made by the parish judge, on the authority of a private agreement between the plaintiff and defendant, and it was adjudicated to the former, who refused to comply with the terms, the judge immediately put it up a second time, and the defendant purchased it : *Held,* that the first sale was a revocation of the authority to the auctioneer to sell, and that the second one was null.

This is an action to annul an adjudication of a sugar plantation belonging to the plaintiff, and made to the defendant by the parish judge, as auctioneer. The plaintiff shows, that being desirous to pay off several debts he was owing, and among others one to the defendant, he directed the parish judge as auctioneer, to put up his plantation for sale; that he and the defendant bid against each other, when he bid in his property at a little more than half its value, to withdraw it from sale and prevent a sacrifice. That the parish judge, contrary to his directions, put up the plantation again, on his refusing to give his endorsed notes for the first sale, and struck it off to the defendant for a sum less than half its value. He prays that said second sale be annulled.

The defendant averred that the sale in question was made in virtue of an agreement and contract entered into between the plaintiff and the heirs of G. Vinette, to pay a debt due by the plaintiff to said heirs. That under this agreement the plaintiff could not withdraw the property, and having refused to comply with his own bid, the property was properly put up and re-sold; and that being legally sold to this respondent, he is entitled to hold it. Upon these pleadings and issues the case was tried.

The pleadings present the substantial facts of the case. The district judge was of opinion that the first sale and adjudication to the plaintiff, revoked all the authority given to the

parish judge to make the sale; and that, therefore, the second sale was null and void.

EASTERN DIST.
June, 1837.

VINETTE
vs.
BRULARD.

From judgment rendered in favor of the plaintiff, the defendant appealed.

*Morphy* and *Grailhe*, for the plaintiff.

*Roselius, contra.*

*Martin, J.*, delivered the opinion of the court.

The defendant is appellant from a judgment which set aside the adjudication of a tract of land, made to him by the judge of the parish of Plaquemine, in consequence of an agreement made by the plaintiff, the owner of the tract, to satisfy a judgment debt which he owed to an estate, which the defendant represented. In pursuance of this agreement, the judge, as auctioneer, proceeded to the sale, and adjudicated the tract to the plaintiff, who refused to comply with the conditions of the sale. On this, the judge was prevailed to put up the land for sale a second time, and it was adjudicated to the defendant.

The District Court correctly held, that the second sale was null, as the adjudication of the tract to the plaintiff on the first sale was a revocation of the authority he had given to the auctioneer to sell. The agreement between the parties to this suit, that the plaintiff should cause the land to be sold, may give to the defendant an action for damages on the breach of the contract, but it could not authorize the latter to cause the land to be sold again without the plaintiff's consent, or without obtaining contradictorily with him, a judgment for the specific performance of the contract.

*Where a sale of a tract of land was made by the parish judge, on the authority of a private agreement between the plaintiff and defendant, and it was adjudicated to the former, who refused to comply with the terms, the judge immediately put it up a second time, and the defendant purchased it: Held, that the first sale was a revocation of the authority to the auctioneer to sell, and that the second one was null.*

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.